Dariush G. Adli, SBN 204959
  adli@adlilaw.com
Drew H. Sherman, SBN 237045
  drew.sherman@adlilaw.com
Scott McPherson, SBN 225149
  scott.mcpherson@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Declaratory Judgment Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DÉCOR GROUP, INC. d/b/a NITE TIME DÉCOR, <br><br> *Plaintiff*, <br><br> v. <br><br> THE TORO COMPANY, <br><br> *Defendant*. | Case No.5:15-cv-01814 <br><br> **NTD'S COMPLAINT FOR DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201, 2202** <br><br> **REQUEST FOR JURY TRIAL** |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, The Décor Group, Inc. d/b/a/ Nite Time Decor ("NTD"), alleges as follows for its declaratory judgment complaint against the Toro Company ("Toro"):

## THE PARTIES

1. Plaintiff NTD is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 709 E. 44th Street, Lubbock, TX 79404. NTD imports and sells outdoor lighting products and offers related goods and services.

2. Upon information and belief, Toro is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 5825 Jasmine Street, Riverside, CA 92504. Toro claims ownership of certain patents relating to outdoor lighting fixtures.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between NTD and Toro that requires a declaration of rights by this Court.

4. This Court has subject matter jurisdiction over the patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Toro by virtue of Toro's purposeful contact with this district, including, Toro's filing of a lawsuit (5:13-cv-01645-JGB-OP) in this District on September 13, 2013 against NTD for alleged patent infringement and the Order for Consent Judgment and Permanent Injunction Order issued by the court in this District on March 13, 2014. In addition, on information and

1328.202

belief, Toro conducts substantial business with customers residing in this district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

7. Defendant Toro claims to be the owner of U.S. Design Patent Nos. D495,079 ("the '079 Patent"), D519,662 ("the '662 Patent") and D590,979 ("the '979 Patent") (together, "the Toro Patents."). The Toro Patents depict a "three ring" feature addressed below. A copy of the Toro Patents is attached hereto as **Exhibit A.**

8. On or about September 13, 2013, Toro, through its counsel, filed a patent infringement complaint against NTD in this District ("the Toro Complaint"). The Toro Complaint specifically alleged infringement of the '079 Patent by NTD's lighting fixture identified as "SPOT-CB." a copy of the Toro Complaint is attached hereto as **Exhibit B**

9. On or about September 17, 2013, Toro, though its counsel, sent a letter to NTD, informing NTD of the lawsuit and the Toro Complaint (which was filed but never served) and demanding that NTD stop importing and selling the SPOT-CB and certain other products referenced by purported product numbers. A copy of Toro's September 17, 2013 letter is attached hereto as **Exhibit C.**

10. In or about March 2014, NTD and Toro settled their dispute and, pursuant to their settlement, the court entered an Order for Consent Judgment and Permanent Injunction, dated March 13, 2014. A copy of the Order is attached to this complaint as **Exhibit D**.

11. The Order does not include an admission by NTD that its accused products infringed the Toro Patents or that NTD would agree to submit any product redesigns to

Toro for review.

12. Following their settlement, NTD proceeded to modify and redesign certain of its products to further differentiate and distinguish them from the Toro Patents.

13. In or around November – December, 2014, Toro, through its counsel, contacted NTD's counsel, complaining about a "three ring configuration" on certain NTD products, and demanding that NTD remove the configuration from its products. NTD, in turn, explained to Toro how an ordinary observer would readily be able to distinguish the complained of NTD products from any patents owned by Toro, which included that feature, and that, as a result, under settled law, the NTD products would not infringe any corresponding patents owned by Toro. Toro did not pursue the matter further.

14. On August 18, 2015, more than nine months after the previous communication in this regard, Toro, through its counsel, sent a cease and desist letter to NTD, demanding that NTD eliminate all "three ring configurations" from its product lines. In the August 18, letter, Toro claimed that "The use of three rings on any fixtures, particularly the SPOT fixture, is a violation of the Settlement Agreement and Consent Judgment." A copy of Toro's August 18 letter is attached hereto as **Exhibit E**.

15. As a result of Toro's assertions that NTD is infringing patents owned by Toro, and NTD's denial of the same, an actual and justiciable controversy exists between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 as to the alleged infringement of the designs claimed in the Toro Patents.

16. NTD reserves the right to amend and add other patents owned by Toro to this complaint if Toro accuses NTD products of infringing any such patents.

1328.202

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the Toro Patents)**

17. NTD restates and incorporates by reference the allegations in paragraphs 1 through 16 above.

18. An actual controversy has arisen and now exists between the parties with respect to the alleged infringement of the Toro Patents. NTD contends that NTD's products, including the SPOT Fixture and other products, have not infringed and do not infringe any valid claim of the Toro Patents or any other patent owned by Toro. Upon information and belief, Toro disputes these contentions.

19. The allegations of patent infringement by Toro have placed a cloud over NTD's business and are likely to cause NTD to lose revenues and business opportunities. Toro's unwarranted and baseless assertions, therefore, will likely cause irreparable injury to NTD.

20. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged infringement of the Toro Patents is necessary and appropriate under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE**, NTD prays for relief as follows:

    A. For a judicial declaration that NTD does not infringe the Toro Patents;

    B. For a judicial declaration that Toro is not entitled to damages for or injunctive relief against any alleged infringement by NTD and/or any of its customers or dealers;

    C. An injunction prohibiting Toro from asserting that NTD's products,

or products of NTD similar thereto, infringe the Toro Patents;

D. Finding that this is an exceptional case under 35 U.S.C. § 285;

E. For an order awarding NTD its costs, expenses, and reasonable attorneys' fees as provided by law; and

F. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

ADLI LAW GROUP P.C.

Dated: September 3, 2015      By: /s/ Dariush G. Adli
                                  Dr. Dariush G. Adli, Esq.
                                  Drew H. Sherman, Esq.
                                  Scott McPherson
                                  *Attorneys for Declaratory Judgment Plaintiff*
                                  NTD Corporation

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

ADLI LAW GROUP P.C.

Dated: September 3, 2015      By: /s/ Dariush G. Adli
                                  Dr. Dariush G. Adli, Esq.
                                  Drew H. Sherman, Esq.
                                  Scott McPherson
                                  *Attorneys for Declaratory Judgment Plaintiff*
                                  NTD Corporation