THE DÉCOR GROUP, INC. d/b/a NITE TIME DÉCOR,

v.

THE TORO COMPANY

# Exhibit B

TO

NITE TIME DÉCOR's COMPLAINT

FOR DECLARATORY RELIEF UNDER

28 U.S.C. §§ 2201, 2202

Exhibit B

| | |
|---|---|
| 1 | Jeffrey G. Sheldon (SBN 67516) |
| | jgsheldon@usip.com |
| 2 | William D. Bowen (SBN 254398) |
| | william.bowen@usip.com |
| 3 | SHELDON MAK & ANDERSON PC |
| | 100 Corson Street, Third Floor |
| 4 | Pasadena, CA 91103-3842 |
| | Telephone:  (626) 796-4000 |
| 5 | Facsimile:   (626) 795-6321 |
| 6 | Attorneys for Plaintiff THE TORO COMPANY |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| THE TORO COMPANY, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| THE DECOR GROUP, INC. d/b/a NITE TIME DECOR | |
| Defendants. | **REQUEST FOR JURY TRIAL** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, The Toro Company, alleges as follows:

## PARTIES

1. Plaintiff, The Toro Company, is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 5825 Jasmine Street, Riverside, CA 92504. The Toro Company acquired certain assets of Unique Lighting Systems including its patents. Since 1995, Unique Lighting Systems has been a leader and innovator in outdoor lighting products and installations.

2. Upon information and belief, Defendant, The Decor Group, Inc. d/b/a Nite Time Decor, is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 709 E. 44th Street, Lubbock, TX 79404. Until recently, Defendant has been one of Plaintiff's largest customers, purchasing Plaintiff's patented outdoor lighting products and other goods and services.

## JURISDICTION AND VENUE

3. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 171, 271, 282-285, and 289.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as the Complaint states a claim for relief based upon a federal question under the Patent Laws.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1391(d), and/or 1400(b). Defendant regularly conducts business in this District. Defendant has been one of Plaintiff's largest customers for its patented outdoor lighting products, placing numerous orders in this District for the patented products. Defendant attended training and meetings in the District related to the patented products.

## FIRST CLAIM FOR RELIEF

(Infringement Of U.S. Patent No. D495,079)

6. Plaintiff restates and re-alleges the allegations set forth in preceding paragraphs and incorporates them by reference.

7. On August 24, 2004, U.S. Patent No. D495,079 ("the '079 Patent") entitled Pulsar Lighting Fixture was duly and legally issued to Nate Mullen. Plaintiff is the owner, by assignment, of the '079 Patent and has been throughout the period of Defendant's infringement and still is the owner thereof. The '079 Patent is attached as Exhibit A.

8. Defendant has imported, used, sold, and/or offered for sale products that infringe the '079 Patent, including at least Nite Time Decor Product Number SPOT-CB.



FIGURE 1



U.S. Patent No. D495,079          Nite Time Décor SPOT-CB

COMPLAINT FOR PATENT INFRINGEMENT
2

9. The ordinary observer with knowledge of the prior art, giving such attention to the design as a purchaser would give, is likely to confuse the designs of the infringing product for the designs shown in the '079 Patent because Defendant's infringing products are substantially similar and/or equivalent in design and effect to the '079 Patent.

10. Plaintiff has complied with the notice provision of the patent statutes.

11. Upon information and belief, Defendant is aware of the '079 Patent, has been aware of the '079 Patent during the period of infringement, and its infringement of this patent has been and continues to be willful and deliberate. Defendant was aware of Plaintiff's patents through its long history of doing business with Plaintiff. For example, Defendant has previously purchased Plaintiff's products made under the '079 Patent, and Plaintiff provides a list of patents that correspond to its products on its website and on its labels.

12. Plaintiff has been damaged by Defendant's infringement of the '079 Patent and will continue to be damaged in the future unless Defendant is permanently enjoined from infringing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. A judgment that Defendant infringed U.S. Patent No. D495,079.

b. An injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, franchisees, attorneys and all others acting under or through it, directly or indirectly, from infringing U.S. Patent No. D495,079.

c. A judgment and order requiring Defendant to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

     d.    A judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285, with interest; and

     e.    Such other and further relief as this Court may deem just and equitable.

Dated: September 13, 2013

Respectfully submitted,

**SHELDON MAK & ANDERSON PC**

By: _/s/ William D. Bowen_

William D. Bowen
Attorneys for Plaintiff The Toro Company

**COMPLAINT FOR PATENT INFRINGEMENT**
4

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by jury.

Dated: September 13, 2013

Respectfully submitted,

**SHELDON MAK & ANDERSON PC**

By: _____
William D. Bowen
Attorneys for Plaintiff The Toro Company

EXHIBIT A



US00D495079S1

## (12) United States Design Patent
### Mullen

(10) Patent No.: **US D495,079 S**
(45) Date of Patent: ** Aug. 24, 2004

(54) **PULSAR LIGHTING FIXTURE**

(76) Inventor: Nate Mullen, 1240 Simpson Way, Escondido, CA (US) 92029

(**) Term: 14 Years

(21) Appl. No.: 29/183,384

(22) Filed: Jun. 11, 2003

(51) LOC (7) Cl. ................................................. 26-05
(52) U.S. Cl. ...................................... D26/63; D26/67
(58) Field of Search ..................... D26/60–72, 82–85, D26/87–90, 92; 362/153, 153.1, 267, 269, 281, 285, 287, 418, 419, 427, 430

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,270,192 A | * 8/1966 | Watson | 362/293 |
| 4,238,816 A | * 12/1980 | Merlo | 362/279 |
| D286,682 S | * 11/1986 | Greenlee | D26/63 |
| 5,599,091 A | * 2/1997 | Kira | 362/269 |
| 5,651,606 A | * 7/1997 | Krogman | 362/96 |
| D385,638 S | * 10/1997 | Bonnette et al. | D26/62 |
| 5,713,662 A | * 2/1998 | Kira | 362/427 |
| D392,067 S | * 3/1998 | Morrow et al. | D26/65 |
| D417,519 S | * 12/1999 | Cutler | D26/63 |
| D473,669 S | * 4/2003 | Hille et al. | D26/63 |

* cited by examiner

*Primary Examiner*—Clare Heflin
(74) *Attorney, Agent, or Firm*—Joseph A. Yanny; Michael A. DiNardo; Stacie J. Sundquist

(57) **CLAIM**

The ornamental design for a pulsar lighting fixture, as shown.

### DESCRIPTION

FIG. 1 presents a perspective view of the pulsar lighting fixture of the present invention.
FIG. 2 presents a front view of the pulsar lighting fixture of the present invention.
FIG. 3 presents a top view of the pulsar lighting fixture of the present invention.
FIG. 4 presents a bottom view of the pulsar lighting fixture of the present invention.
FIG. 5 presents a left side view of the pulsar lighting fixture of the present invention; and,
FIG. 6 presents a right side view of the pulsar lighting fixture of the present invention.

1 Claim, 3 Drawing Sheets




Exhibit A, Page 6



FIGURE 1



FIGURE 2

Exhibit A, Page 7



FIGURE 3



FIGURE 4

Exhibit A. Page 8



FIGURE 5



FIGURE 6

Exhibit A. Page 8